IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| MONSANTO COMPANY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 07-5119-CV-SW-RED |
| | ) | |
| JAMES GASTEL, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Now before the Court is Plaintiffs' Motion in Limine to Exclude Expert Testimony, Opinions, and Report of Dr. Kelley Still (#40). After careful consideration, the Court **GRANTS** the motion.

## BACKGROUND

From at least 2001 through 2007, Plaintiff James Gastel ("Gastel") planted Round Up Ready soybeans that he saved from the previous year's crop. This violated Plaintiffs Monsanto Company and Monsanto Technology, LLC's ("Monsanto") patent rights. On December 12, 2007, Monsanto filed a complaint with this Court alleging two counts of patent infringement against Gastel. On March 23, 2009, the Court entered an order granting partial summary judgment. The Court's order established that Gastel infringed patents. The order also permanently enjoined Gastel from "making, using, selling, or offering to sell any of plaintiffs' patented crop technologies." The only issue remaining for trial is the amount of damages Gastel owes Monsanto due to his past infringement.

On April 2, 2009, Monsanto filed the pending Motion in Limine to Exclude Expert Testimony, Opinions, and Report of Dr. Kelley Still (#40). Dr. Still is Gastel's damages expert.

Monsanto argues that Dr. Still's testimony should be excluded because her damage calculations use technology fees as the starting point which has been rejected by the Federal Circuit, she lacks sufficient expertise to provide expert testimony, and her opinion is not tailored to the facts of this case.

On June 2, 2009, the Court set this matter for a June 9, 2009 *Daubert* hearing. Both parties have advised the Court that they desire for the Court to decide this matter on the briefs rather than present evidence and arguments at the scheduled hearing. Accordingly, the Court rules Plaintiffs' Motion in Limine to Exclude Expert Testimony, Opinions, and Report of Dr. Kelley Still (#40) on the briefs and without a hearing.

## DISCUSSION

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 as well as *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny. In *Polski v. Quigley Corp.*, 538 F.3d 836, 839 (8th Cir. 2008), the Eighth Circuit Court of Appeals set forth the following three-part test:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the find of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the find of fact requires.

Dr. Still's testimony fails the second and third parts of this test.

### *Dr. Still is not qualified to assist the jury.*

Dr. Still is qualified only if she has "sufficient specialized knowledge to assist the jurors in deciding the specific issues in the case." *Wheeling Pittsburgh Steel Corp v. Beelman River Terminals, Inc.*, 254 F.3d 706, 715 (8th Cir. 2001). The Court agrees with Monsanto's

2

assessment that "[a]n expert conducting a reasonable royalty calculation should have experience placing value on patents and license agreements."  Moreover, the Federal Circuit agreed with this position in *State Contracting & Engineering Corp. v. Condotte America, Inc.*, 346 F.3d 1057, 1073 (Fed. Cir. 2003) when it affirmed a district court's decision to exclude testimony of a damages expert in a patent case because the witness had "no experience in placing a value on a patent and did not have any knowledge regarding reasonable royalties" in similar situations.

Dr. Still is an accountant who teaches classes on tax, auditing, and financial statements. The Court has no reason to doubt that Dr. Still is knowledgeable, and she very well may be qualified to testify as an expert in a case more related to her field.  However, she admits that she has no expertise, experience, or training in valuing royalties, patents, licenses, or damages for intellectual property infringement.  She is not qualified to testify as an expert in this case.

### *Dr. Still's testimony is unreliable and untrustworthy, and it will not assist the jury.*

The Eighth Circuit has provided a great deal of guidance on what this Court should consider when determining whether an expert's testimony is reliable and trustworthy.  *Polski v. Quigley Corp.*, 538 F.3d 836, 839 (8th Cir. 2008) lists seven factors to consider:  (1) whether the theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; (4) whether the theory has been generally accepted; (5) whether the expertise was developed for litigation or naturally flowed from the expert's research; (6) whether the proposed expert ruled out other alternative explanations; and (7) whether the proposed expert sufficiently connected the proposed testimony with the facts of the case.  The Court has considered these and other relevant factors in determining that Dr. Still's testimony does not pass muster.  In short, there is little

3

evidence in the record regarding testing, peer review, publication, rate of error, general acceptance, research and development, alternative explanations, or connection to the facts of this case for Dr. Still's analysis and opinions.

As a damages expert, Dr. Still's testimony is admissible only if it will help the jury make a proper damages calculation. The amount of damages in this case must be "adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer." 35 U.S.C. § 284. A reasonable royalty "may be based upon an established royalty, if there is one, or if not, upon the supposed result of hypothetical negotiations between the plaintiff and defendant." *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995). An established royalty is the royalty the patentee uniformly receives when it licenses its invention to others for use comparable to the defendant's infringing use. *Monsanto Company v. McFarling*, 488 F.3d 973, 979 (Fed. Cir. 2007). The hypothetical negotiation approach "requires the court to envision the terms of a licensing agreement reached as the result of a supposed meeting between the patentee and the infringer at the time the infringement began." *Rite-Hite Corp.*, 56 F.3d at 1554.

In her report, Dr. Still claims that she is "trying to arrive at a fixed-fee that represents the hypothetical negotiation between Monsanto and the farmer." However, she goes on to state that "[w]e have to assume Monsanto arrived at a technology fee that gave them an acceptable return on their R&D investment . . . . My objective is to arrive at a figure that would return to Monsanto the same net income." Dr. Still then rebates technology fees for monitoring costs and inflates the result to present value to arrive at the fixed-fee she believes should be used to calculate Monsanto's damages. Dr. Still claims to use the hypothetical negotiation approach, but

4

she actually uses net technology fees as an established royalty.  On at least three occasions, the Federal Circuit has rejected the notion that Monsanto's technology fees are established royalties for purposes of damage calculation in saved seed cases.  *Monsanto Company v. David*, 516 F.3d 1009, 1017-19 (Fed. Cir. 2008); *Monsanto Company v. McFarling*, 488 F.3d 973, 978-81 (Fed. Cir. 2007); *Monsanto Company v. Ralph*, 382 F.3d 1374, 1382-84 (Fed. Cir. 2004).  The Federal Circuit has specifically rejected arguments in similar cases that damages should be limited to technology fees.  Gastel cannot avoid this precedent by bringing in an expert to say that the Federal Circuit is wrong and by cloaking an established royalty damage calculation in hypothetical negotiation terms.

Moreover, Dr. Still's report states that she is "trying to arrive at a fixed-fee that represents the hypothetical negotiation between Monsanto and the farmer to obtain use of the technology *for their own production use*."  But Gastel did more than use infringing seed for his own crop production; he used infringing seed for reproduction of more seed.  As the *McFarling* court noted, not only did this keep Monsanto from recovering its technology fees, it cut the seed distributor out of the transaction and impaired Monsanto's relationship with its seed distributor.  *McFarling*, 488 F.3d at 979.  Dr. Still's opinion assumes that Monsanto would agree to an identical return on investment for Gastel's infringing use as it receives for non-infringing use.  The Federal Circuit cases cited above demonstrate why this is a flawed assumption, and the Court need not reiterate what has been so aptly stated by the Federal Circuit.  Dr. Still's analysis is simply not tailored to the facts of this case and it disregards the inherent consequences of Gastel's patent infringement.

If a jury calculated damages using Dr. Still's method, Gastel would pay substantially less

5

for his seed than if he had not infringed and legally purchased the seed.  It would be extremely inequitable to allow Gastel to enjoy such a significant windfall given his blatant infringement of Monsanto's patents.  Granting Gastel such a windfall would be an unreasonable, unjust, and absurd result.  The Court must construe 35 U.S.C. § 284 to prohibit such a result.  *B.W.A. v. Farmington R-7 School Dist.*, 554 F.3d 734, 742 (8th Cir. 2009); *Pitsker v. Office of Personnel Management*, 234 F.3d 1378, 1383 (Fed. Cir. 2000).  Accordingly, the Court finds that Dr. Still's damage calculation is an unreasonable royalty under 35 U.S.C. § 284, contradicts Federal Circuit precedent regarding damages calculation, and must be excluded under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

## CONCLUSION

Based on the above analysis, the Court **GRANTS** Plaintiffs' Motion in Limine to Exclude Expert Testimony, Opinions, and Report of Dr. Kelley Still (#40).  The Court hereby excludes from evidence at trial the expert testimony, opinion, and report of Defendant's retained damages expert, Dr. Kelley A. Still.

**IT IS SO ORDERED**.

DATED:   June 9, 2009              */s/ Richard E. Dorr*
                                   RICHARD E. DORR, JUDGE
                                   UNITED STATES DISTRICT COURT